David Lee **MOESLEIN**, Jr., Petitioner

v.

**FEDERAL AVIATION ADMINISTRATION,**
Respondent.

No. 08–1211.

United States Court of Appeals, District of Columbia Circuit.

May 5, 2009.

Jay Fred Cohen, Law Office of Jay Fred Cohen, Baltimore, MD, for Petitioner.

Susan S. Caron, Attorney, James F. Conneely, Federal Aviation Administration, Washington, DC, for Respondent.

Before: GINSBURG, HENDERSON and KAVANAUGH, Circuit Judges.

### JUDGMENT

This petition for review was considered on the record from the Federal Aviation Administration (FAA) and the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

ORDERED that the petition for review is denied.

The FAA suspended David Moeslein's pilot certificate for 90 days for violating a Notice to Airman (NOTAM) when he, as pilot-in-command of an instructional flight, twice unlawfully penetrated the D.C. Metropolitan Area Air Defense Identification Zone (ADIZ) by failing to squawk an appropriate transponder code upon takeoff from and when returning to a Maryland airport. On appeal, the National Transportation Safety Board (NTSB) upheld the suspension. Moeslein now argues that the NTSB failed to rely on substantial evidence and/or arbitrarily and capriciously affirmed the findings of the FAA's administrative law judge (ALJ).

■ First, the NTSB reasonably concluded that Moeslein acted as the flight instructor during the flight, see, e.g., Gruen Depo. at 6–17, and thus was operating the aircraft as the pilot-in-command. See Administrator v. Hamre, 3 N.T.S.B. 28, 31 (Jan. 17, 1977) ("Regardless of who is manipulating the controls of the aircraft during an instructional flight ... the flight instructor is always deemed to be the pilot-in-command."). Second, ample evidence supported the finding that there were two unauthorized penetrations of the ADIZ. See, e.g., JA 78–88, 92–100, 140–53, 177–81, 327–28. Third, given Moeslein's

experience flying in the ADIZ and the fact that the transponder twice correctly functioned after Moeslein was informed to switch it to the correct channel, the NTSB reasonably found that he did not act inadvertently. In any event, Moeslein failed to establish the applicability of a sanction waiver under the Aviation Safety Reporting Program (ASRP). FAA, Aviation Safety Reporting Program, Advisory Circular 00–46D at ¶ 9(c) (Feb. 26, 1997); see Administrator v. Smith, 5 N.T.S.B. 1560, 1564 (Nov. 13, 1986) (waiver of sanction pursuant to ASRP "constitutes an affirmative defense").

■ Moeslein's remaining arguments are also without merit. The ALJ did not abuse his discretion in allowing the FAA to amend the complaint. Moeslein had notice that the initial complaint had been directed to him notwithstanding the typographical errors therein (i.e., failure to include "Jr." and listing Moeslein's certificate number as 2695586, not 2694486). The complaint was based on and issued after the Notice of Proposed Certificate Action, which had been sent to his residence, listing the correct certificate number, and Moeslein was the only certified pilot at that address. Thus, these errors "could not have been a surprise and could in no way have prejudiced" Moeslein. Administrator v. Rogers, 2 N.T.S.B. 428, 429 (Aug. 1, 1973). Moreover, Moeslein's 90-day suspension notwithstanding his alleged loss of income resulting therefrom was appropriate given that " '[financial hardship] considerations are not a proper basis for modifying an otherwise legitimate sanction,' " Administrator v. Basco & Koch, NTSB Order No. EA–4788 at 2 (Sept. 8, 1999), and the two violations here can support a maximum suspension of 180 days. Nor was it unreasonable for the NTSB to conclude that safety and the public interest require the suspension. As

noted by the NTSB, except in the "most unusual circumstance[s]," violations of operational requirements contained in the federal aviation regulations are "[a]s a matter of law ... unsafe aviation practice[s]." *Administrator v. Good*, NTSB Order No. EA–5026 at 1 (Mar. 3, 2003). Here, the circumstances are plainly not "most unusual" inasmuch as "by entering the effected [sic] airspace without complying with the operating requirements and procedures specified in the [ ] NOTAM, [Moeslein] risked interception by military aircraft and the possible use of deadly force." JA 248; *see also id.* at 149–50.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.